## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES K. BARBEE, <br><br> Plaintiff, <br><br> v. <br><br> AMIRA NATURE FOODS, LTD. *et al.*, <br><br> Defendants. | Civil Action No. 21-12894 (MAS) (DEA) <br><br> **MEMORANDUM ORDER** |

This matter comes before the Court on Defendant Bruce C. Wacha's ("Wacha") Motion to Stay (the "Motion") the current litigation. (ECF No. 16.) Defendant Brian M. Speck ("Speck," and together with Wacha, "Defendants") joined Wacha's Motion (ECF No. 17), and Plaintiff James K. Barbee ("Barbee") opposed (ECF No. 19). The parties subsequently submitted a series of correspondence related to the Motion. (ECF Nos. 21, 22, 23, 24.) The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1(b).

This action arises out of Barbee's federal securities lawsuit against multiple defendants: Amira Nature Foods, Ltd. ("Amira"), Karan A. Chanana, Wacha, Varun Sethi, and Speck. (*See generally* Compl., ECF No. 1.) In June 2021, Barbee sued Defendants, among others, for making misleading statements or omissions on behalf of Amira, in violation of both federal and state law. (*E.g.*, Compl. ¶¶ 43-52, 70-71, 293-302.) Parallel to this federal action, Barbee commenced FINRA arbitration (the "Arbitration") in June 2021 against Vince LaCava ("LaCava"). (Pl.'s Opp'n Br. to Mot. to Stay 2 ("Pl.'s Opp'n Br."), ECF No. 19.) A licensed securities broker, LaCava

facilitated the stock sale between Barbee and Amira at issue here.[1] (Compl. ¶¶ 38-43.) Barbee alleges that LaCava made certain misrepresentations about Amira that induced Barbee to purchase securities in the company. (Pl.'s Opp'n Br. 5.) In many ways, LaCava is the linchpin that connected Barbee to Amira, as Barbee never spoke with Defendants prior to investing in Amira. (*See id.*) Rather, LaCava acted as a conduit, passing information about Amira from Defendants to Barbee. (*Id.*)

In January 2022, Wacha moved the Court to stay this matter until the final resolution of the Arbitration. (ECF No. 16.) Shortly after, Speck joined Wacha's Motion. (*See generally* Speck's Feb. 2, 2022 Correspondence, ECF No. 17.) Both Speck and Wacha raised the same three arguments in support of a stay: (1) Arbitration will dispose of or substantially affect all claims in this litigation, as LaCava is central to Barbee's claims; (2) this matter is at an early stage, lowering the prejudice to Barbee if the suit is stayed; and (3) judicial economy cautions against proceeding in federal court during the pendency of the Arbitration. (*Id.*) In response, Barbee filed a motion with FINRA to stay the Arbitration pending the outcome of this suit. (Pl.'s Apr. 1, 2022 Correspondence, ECF No. 21.) A month later, FINRA granted Barbee's continuance request, putting the Arbitration on ice. (ECF No. 24.) For the reasons set forth below, the Court declines Defendants' invitation to stay this matter.

District courts have broad and inherent discretion to stay litigation for several reasons, one of which is docket management pending the outcome of an arbitration where the claims are substantially related. *See e.g.*, *Merritt-Chapman & Scott Corp. v. Pa. Turnpike Comm'n.*, 387 F.2d 768, 773 (3d Cir. 1967); *Mason-Dixon Lines, Inc., v. Loc. Union No. 560*, 443 F.2d 807, 809 (3d Cir. 1971). Courts weigh numerous nonexhaustive factors in deciding whether to grant a stay, but

---

[1] The binding arbitration agreement between Barbee and LaCava forecloses the option of Barbee naming LaCava as a defendant in this suit. (Pl.'s Apr. 6, 2022 Correspondence 2, ECF No. 23.)

a court need not consider every possible factor. *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446 (D.N.J. 2014) (internal citations, quotations, and alterations omitted).[2]

Here, the only reason to stay this litigation is now moot. Defendants' Motion was supported by one lone thread: a stay would avoid duplicative or inconsistent rulings while the Arbitration between Barbee and LaCava is ongoing and save litigation costs. (*See generally*, Defs.' Moving Br., ECF No. 16-1.) Now that Barbee halted the Arbitration, that thread is cut. *Cf. Medversant Techs., LLC v. Leverage Health Sols., LLC*, 114 F. Supp. 3d 290, 299 (E.D. Pa. 2015) (staying federal litigation during pendency of "substantially overlapping claims" being actively arbitrated). Notwithstanding that Defendants cry foul of "gamesmanship," plaintiffs are the "masters of their complaints," and, for the most part, may choose to litigate their claims as they please. *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013). As to these Defendants, Barbee's Arbitration was not mandatory, nor will the Court treat it as such. The Court therefore finds no good cause to grant Defendants' Motion. This litigation carries on.

**IT IS THEREFORE**, on this 8th day of July 2022, **ORDERED** as follows:

1. Defendants' Motion to Stay (ECF No. 16) is **DENIED**.

2. The Court lifts the temporary stay on this matter. (*See* ECF No. 18.) Defendants shall move for dismissal or otherwise respond to Barbee's Complaint by **July 29, 2022**.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[2] Factors for the Court's consideration include whether a stay would (1) "unduly prejudice or present a clear tactical disadvantage to the non-moving party"; (2) "create a clear case of hardship or inequity for the moving party"; (3) "simplify the issues and the trial of the case"; and (4) negatively impact the matter because "discovery is complete [or] a trial date has been set." *Id.*